UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLA VARNER,

    Plaintiff,

v.                                          Case No. 4:18cv550-RH-HTC

FLORIDA PAROLE COMMISSION and
LOWELL CORRECTIONAL INSTITUTION,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court for screening of the first amended complaint (ECF Doc. 13) under 28 U.S.C. §§ 1915 and 1915A. Previously, the original complaint (ECF Doc. 1) was referred to the Court for screening under 28 U.S.C. §§ 1915 and 1915A. ECF Doc. 8. Magistrate Judge Kahn screened the complaint and determined that Plaintiff's claims were barred by sovereign immunity and failed to state a plausible claim for relief under 42 U.S.C. § 1983. ECF Doc. 11. The Court then provided Plaintiff an opportunity to voluntarily dismiss this case or amend her complaint with allegations sufficient to state a plausible constitutional claim against a defendant amenable to suit. *Id.* The Plaintiff then filed the first amended complaint. ECF Doc. 13. The Court has screened the first amended complaint and concludes that it does not correct the flaws of the original complaint and should be dismissed.

I.  **Background**

Plaintiff is an inmate of the Florida Department of Corrections confined at Lowell Correctional Institution ("Lowell CI"). ECF Doc. 13 at 1. Plaintiff's first amended complaint (as her initial complaint), seeks only money damages under 42 U.S.C. § 1983, and names two (2) defendants: the Florida Parole Commission ("FPC")[1] and Lowell CI. ECF Doc. 13 at 2.

Plaintiff was convicted of second-degree murder and sentenced to life imprisonment in 1980.[2] She was eventually granted parole. ECF Doc. 13 at 5. In 2013, while on parole, she submitted a "dirty urinalysis test" and had her parole revoked. *Id.* She alleges the following then took place:

> A preliminary hearing was conducted by Mr. Whitehouse & my parole officer, Gary Roswell on March 19, 2013. The recommendation by both was six (6) months and re-instatement of my parole. This hearing was recorded. I awaited a final hearing date. According to FAC 23-21.022(28), which governs the revocation of parole, the parolee shall be scheduled for an interview within six (6) months from the date the Commission issued order to revoke parole … As of March 15, 2015, approximately two (2) years later, the Petitioner still had not received a final hearing, so she wrote a letter to Mr. Whitehouse and requested a

---

[1] The Florida Parole Commission was renamed the Florida Commission on Offender Review. For purposes of this order, the Court uses Plaintiff's terminology.

[2] *See* Offender Information Search, Fla. Dep't of Corr., http://www.dc.state.fl.us/OffenderSearch/Search.aspx (search DC Number 150010); *see also* Fed.R.Evid. 201 (permitting a court, at any stage of a proceeding, to take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013).

status report. On March 24, 2015, the Petitioner was again interviewed by Mr. Whitehouse and was given a summation of his report by the Commissioner's Officer. The Petitioner was told that the Commission's Officer stated, "Oops, we forgot about Varner…" An interview was finally conducted on June 10, 2015 – well over two (2) years after revocation of parole. At this time, an extention [sic] of 114 months was put in place and added to the Petitioner's presumptive parole date of 1/9/2009 – giving her a new date of 7/9/2018. The Petitioner was prejudiced by this delay.

On 4/26/18, another interview was conducted with the Petitioner. At this hearing, the Petitioner was again given a new hearing date of 6/27/2018. At this Commission hearing, the Commission extended the PPRD[3] by 36 months, resulting in a new PPRD of 7/9/2021.

ECF Doc. 13 at 6. Plaintiff attempts to explain how these events prejudiced her as follows:

> According to FAC 23-21.022(28), which governs the revocation of parole, the parolee shall be scheduled for an interview within six (6) months from the date the Commission issued order to revoke parole. This statute sets forth a definite time period for the hearing, & if that time period is violated, the delay is presumed unreasonable….The Petitioner was prejudiced by this delay….The Commission was in direct violation of both FAC 23-21.022 and Florida Statute 947.23, which states that "within a reasonable time after the hearing, the commissioner who conducted the hearing shall make findings of fact in regard to the alleged parole violation." Prejudice arose where Petitioner was not being held in State custody for any other charge but the parole violation, the final hearing was not held for two (2) years when that was over a year & a half late, the Petitioner's hearing, had it been held in 2013, would have given her a PPRD of two (2) years earlier – as it was not held until 2015.

---

[3] PPRD refers to her "Presumptive Parole Release Date." ECF Doc. 13 at 6.

> Because of this delay, the Plaintiff was imprisoned beyond her expected presumptive release date – thereby depriving her of her constitutionally protected liberty interest.  Although there is no constitutional right to parole, the Parole Board already determined this Plaintiff will be released on parole – however, their oversight and carelessness in handling this final revocation hearing prejudiced the Plaintiff by imprisoning her unconstitutionally.  They violated the Florida Administrative Code and the Florida Statute governing parole by not holding the hearing within the required six (6) months, resulting in Plaintiff's unlawful imprisonment beyond her original sentence expiration date.

*Id.* at 5-6.

In her Statement of Claims section, Plaintiff asserts the following violations: "Violation of Fourteenth / Fifth Amendment – Deprivation of Liberty without Due Process" and "Violation of Eighth Amendment for cruel and unusual punishment for unlawful imprisonment." She also includes the following in her statement of claims: "Due to mistake on part of DOC – causing later release date." *Id.* at 7.  Plaintiff seeks only money damages: "Damages of $50,000 for pain & suffering" and "Punitive Damages of $200,000 for unlawful incarceration." *Id.*

## II. Discussion

### A. <u>Legal Standards</u>

Because Plaintiff is a prisoner, the Court is required to review her complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may

be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the Plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level,"

Case No. 4:18cv550-RH-HTC

*Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

    B.    **<u>Sovereign Immunity Bars Plaintiff's Claims</u>**

As explained in the Order at ECF Doc. 11, Defendants FPC and Lowell CI are arms of the State of Florida and thus are immune from this suit. The Eleventh Amendment bars claims against a state in federal court unless Congress has specifically abrogated the state's sovereign immunity to such suits. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 103–06, 104 S.Ct. 900, 909–11, 79 L.Ed.2d 67 (1984). The Eleventh Circuit has specifically held that Eleventh Amendment immunity applies to § 1983 claims against the Florida Parole Commission. *Thorne v. Chairperson Fla. Parole Comm'n*, 427 F. App'x 765, 769–70 (11th Cir. 2011) ("defendants were entitled to Eleventh Amendment immunity to

Page 7 of 11

the extent that [Plaintiff] was arguing that the Parole Commission failed to follow state law in setting his presumptive parole release date") (*citing Pennhurst*, 465 U.S. at 103-06).

### C. The First Amended Complaint Fails to State a Claim

Also, as set forth in Judge Kahn's order after screening the initial complaint, Plaintiff fails to show she was deprived of a constitutionally protected liberty interest. A procedural due process claim requires Plaintiff to establish that: (1) she was deprived of a constitutionally protected liberty or property interest, (2) through state action, and (3) was not provided with a constitutionally adequate process to contest the deprivation. *See Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006). As Plaintiff herself notes, however, "there is no federal constitutional right to parole." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (*citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Additionally, Florida's parole system does not create a protected liberty interest in parole because "the ultimate parole decision is a matter of Parole Commission discretion." *Damiano v. Fla. Parole and Prob. Comm'n*, 785 F.2d 929, 931-32 (11th Cir. 1986); *Staton v. Wainwright*, 665 F.2d 686, 688 (5th Cir. Unit B, 1982). Although some of Florida's procedures regarding parole have changed since *Damiano* and *Staton* were decided, the FPC still has substantial discretion over whether to grant or deny parole.

Case No. 4:18cv550-RH-HTC

*Cf.* Fla. Stat. § 947.18. In the absence of a constitutionally protected liberty interest in parole, Plaintiff's procedural due process claim fails. *See Arrington*, 438 F.3d at 1347.

Also, Plaintiff fails to explain how she was even prejudiced by the delay. Mr. Whitehouse and Plaintiff's parole officer merely indicated that they would recommend six (6) months incarceration followed by Plaintiff's return to parole. ECF Doc. 13 at 5. Plaintiff does not allege any kind of guarantee was given. *Id.* Later, when the final hearing was conducted, Plaintiff admits she had 114 months added to her Presumptive Parole Release Date (PPRD). *Id.* She does not explain why the six months turned into 114 months. Then, after another parole hearing, she was given an additional 36 months. Plaintiff admits that the Commission, at both hearings, was aware of the delay in her case, and that the new PPRDs were calculated from her original one, in 2009. *See id.* Therefore, she would have been incarcerated the two (2) years she spent waiting for her interview and final hearing even if it were held instantly, in 2013, unless something she has not disclosed changed between 2013 to 2015. Thus, even if a constitutional right to a parole existed, which it does not, Plaintiff has not explained how Defendants' conduct deprived her of it.

### D.  **Plaintiff Does Not State an Eighth Amendment Claim**

Plaintiff claims the Defendants' oversight caused a delay in her parole eligibility or review, and that such delay amounts to "unlawful imprisonment" in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. (ECF Doc. 13 at 6).  However, for Eighth Amendment purposes, an "unlawful imprisonment" occurs when a prisoner is detained beyond the expiration of her sentence.  *See McCurry v. Moore*, 242 F. Supp. 2d 1167, 1178 (N.D. Fla. 2002) (discussing a prisoner's constitutional right not to be detained in prison beyond the expiration of his or her sentence (citing cases)).  Plaintiff does not allege her sentence expired.  Rather, her claim of "unlawful imprisonment" appears to be grounded in speculation about the likelihood and timing of a discretionary grant of parole.  She argues that, she "was imprisoned beyond her expected presumptive parole release date – thereby depriving her of her constitutionally protected liberty interest."  *Id.*  First, Plaintiff's statement that she had an "expected presumptive parole release date" is entirely speculative and appears to be based on Mr. Whitehouse and the parole officer's statement that they would recommend six (6) months.  Second, even if she reasonably expected such a parole release date, that release date does not represent the "expiration of her sentence."  Plaintiff was sentenced to life imprisonment; her sentence does not expire.  Thus, her speculation as to whether she

Case No. 4:18cv550-RH-HTC

would be released on parole on a certain date does not take her Eighth Amendment claim "across the line from conceivable to plausible". *Twombly*, 550 U.S. at 570.

As set forth herein, Plaintiff was advised of the deficiencies in her claims and was given an opportunity to either voluntarily dismiss her case or file an amended complaint setting forth viable claims. Plaintiff's first amended complaint, however, only re-asserted the same allegations and claims that Judge Kahn previously found insufficient to state a cause of action against these Defendants.

Accordingly, it is respectfully RECOMMENDED that:

1. The First Amended Complaint, ECF Doc.13, be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A because it fails to state a claim on which relief may be granted and seeks monetary relief against defendants who are immune from such relief.

2. The Clerk be directed to close the file.

At Pensacola, Florida this 11th day of April, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:18cv550-RH-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.